UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | CIV. 10-4142 |
| I.S.B., also known as Inmates Strikes Back; | ) ) | |
| WILLIE REED IV, Chairperson of I.S.B.; | ) ) | |
| THANH QUANG NGO, Chairperson of the First District Inmates Constitutional Rights Committee; | ) ) ) | |
| ERIC WHITE, Chairperson of the Second District Inmates Constitutional Rights Committee; | ) ) ) | **ORDER** |
| GARY FEDDERSON, Chairperson of the Third District Inmates Constitutional Rights Committee; | ) ) ) | |
| PAUL HANSON, Chairperson of the Fourth District Inmates Constitutional Rights Committee; | ) ) ) | |
| ELIAS JOHNSON, chairperson of the Fifth District Inmates Constitutional Rights committee; TIMOTHY MADDOX, Representative member for inmates convicted in the First Circuit Court; | ) ) ) ) ) | |
| SHARIF NURADIN, Representative member for inmates convicted in the Second Circuit Court; | ) ) ) | |
| DARREL GRIM, Representative member For Inmates convicted in the Third circuit court; | ) ) ) | |
| BLAIN BAILEY, Representative member for inmates convicted in the Fourth Circuit Court; MICHAEL SULLIVAN, Representative member for inmates convicted in the Fifth Circuit Court; | ) ) ) ) ) | |
| STANLEY REED, Representative member For Inmates convicted in | ) ) ) | |

| | |
|---|---|
| the Sixth circuit court; | ) |
| STEWART MOUSSEAUX, | ) |
| Representative member for inmates | ) |
| convicted in the Seventh Circuit | ) |
| Court; | ) |
| REPRESENTED CLASS OF | ) |
| INMATES INCARCERATED; DANIEL | ) |
| LEE ELLENDORF, Chairperson of | ) |
| The contingent Constitutional | ) |
| Rights Committee; | ) |
| CHRISTOPHER JOHN WALDNER, | ) |
| Representative member of The | ) |
| Contingent Constitutional Rights | ) |
| Committee; | ) |
| NICHOLAS RYAN HEMSHER, | ) |
| Representative member of The | ) |
| Contingent Constitutional Rights | ) |
| Committee; | ) |
| NICHOLAS QUENTIN ANDERSON, | ) |
| Representative member of The | ) |
| Contingent Constitutional Rights | ) |
| Committee; | ) |
| RAMON VALERIO GARCIA, | ) |
| Representative member of The | ) |
| Contingent Constitutional Rights | ) |
| Committee; | ) |
| JEREMY KUNZE, member of | ) |
| Contingent Constitutional Rights | ) |
| Committee of I.S.B., et. al.; | ) |
| DONALD INGALLS, member of | ) |
| Contingent Constitutional Rights | ) |
| Committee of I.S.B., et. al.; and | ) |
| RALPH BUCHHOLD, member of the | ) |
| Fourth District Inmates | ) |
| Constitutional Rights Committee of | ) |
| I.S.B., et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF SOUTH DAKOTA | ) |
| COMMISSIONER OF | ) |

| | |
|---|---|
| ADMINISTRATION, person or persons; | ) |
| SOUTH DAKOTA DEPARTMENT OF REVENUE & REGULATIONS, Div. of Insurance, person or persons; | ) ) ) ) |
| SOUTH DAKOTA BUREAU OF PERSONNEL, person or persons; | ) ) |
| SOUTH DAKOTA DEPARTMENT OF HEALTH AND HUMAN SERVICES, person or persons; | ) ) ) |
| TIM REISCH, South Dakota Department of Corrections Cabinet Secretary; | ) ) ) |
| DOUGLAS WEBER, South Dakota Department of Corrections, Warden, Director of prison operations; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, State Penitentiary person or persons; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Jameson Annex, person or persons; | ) ) ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Mike Durfee State Prison, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Rapid City Minimum Unit, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Women's Prison, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Yankton Minimum Unit, person or persons; | ) ) ) |
| STATE SOUTH DAKOTA PAROL BOARD OF PARDON, Person or persons; | ) ) ) |
| STATE SOUTH DAKOTA FIRST CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SECOND CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA THIRD CIRCUIT COURT, person or persons; | ) ) |

| | |
|---|---|
| STATE SOUTH DAKOTA FOURTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA FIFTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SIXTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SEVENTH CIRCUIT COURT, person or persons; | ) ) |
| LAWRENCE COUNTY PUBLIC DEFENDER OFFICE, person or persons; | ) ) ) |
| MINNEHAHA COUNTY PUBLIC DEFENDER OFFICER, person or persons; | ) ) ) |
| PENNINGTON COUNTY PUBLIC DEFENDER OFFICE, person or persons; | ) ) ) |
| MARTY J. JACKLEY, Attorney General, State of South Dakota; | ) ) |
| ANN C. MEYER, Assistant Attorney General, State of South Dakota; | ) ) |
| GINA S. NELSON, Deputy State's Attorney, Pennington County SD; | ) ) |
| JAMES IOSTY, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| PATRICK T. PARDY, Deputy State's Attorney, Miner County SD; | ) ) |
| LORA ROETZEL, Deputy State's Attorney, Pennington County SD; | ) ) |
| COLLEEN MORAN, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| ERIC K. JOHNKE, Deputy State's Attorney, Yankton County SD; | ) ) |
| AARON MCGOWAN, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| KERRY M. CAMERON, State's Attorney, Roberts County SD; | ) ) |
| JOHN FITZGERALD, State's Attorney, Lawrence County SD; | ) ) |
| GLENN BRENNER, State's Attorney, Pennington County SD; | ) ) |
| Deputy States Attorney-County | ) |

Attorney- States Attorney- Assistant )
Attorney General- Deputy Attorney )
General-Attorney General-District )
Attorney-Prosecuting Attorney- )
Public Defender of the Represented )
Class of Inmates incarcerated to )
Which such matters of the cause )
affects and/or affected in this class )
action lawsuit, in the State of South )
Dakota; )
All the circuit court Judges, of the )
First, Second, Third, Fourth, Fifth, )
Sixth, and Seventh circuit court in )
the state of South Dakota to which )
such matters of this class action law )
suit involved; )
SOUTH DAKOTA STATE DIETICIAN, )
person or persons; )
C.B.M.,contracted with the )
Department of Correction of South )
Dakota; )
ROBERT DOOLEY, Warden, Mike )
Durfee State Prison; )
CAPT. DOYLE, Correctional Officer, )
Mike Durfee State Prison; )
LT. KAUFENBERG, Special Security, )
Mike Durfee State Prison; )
LAWRENCE COUNTY )
COMMISSIONER, person or )
persons; )
PENNINGTON COUNTY )
COMMISSIONER, person or )
persons; )
HUGHES COUNTY )
COMMISSIONER, person or )
persons; )
ROBERTS COUNTY )
COMMISSIONER, person or )
persons; )
MINER COUNTY COMMISSIONER, )
person or persons; )
MEADE COUNTY COMMISSIONER, )
person or persons; )

| | |
|---|---|
| MINNEHAHA COUNTY COMMISSIONER, person or persons; | ) . ) ) |
| YANKTON COUNTY COMMISSIONER, person or persons; | ) ) ) ) |
| BON HOMME COUNTY COMMISSIONER, person or persons; | ) ) ) ) |
| ED LIGTENBERG, Director of South Dakota Parole Board of Pardon; | ) ) |
| DEBRA C. FLUTE, Member of South Dakota Parole Board of Pardon; | ) ) |
| JAMES P. SMITH, Member of South Dakota Parole Board of Pardon; | ) ) |
| PATRICIA MEYERS, Member of South Dakota Parole Board of Pardon; | ) ) ) |
| KEITH BONENBERGER, Member of South Dakota Parole Board of Pardon; | ) ) ) |
| JESSE SONDREAL, Member of South Dakota Parole Board of Pardon; | ) ) ) |
| KAY F. NIKOLAS, Member of South Dakota Parole Board of Pardon; | ) ) |
| DAVE NELSON, Member of South Dakota Parole Board of Pardon; | ) ) |
| MIKE ROUNDS, Governor of the State of South Dakota; | ) ) |
| JOHN E. HAAK, Prosecutor, SD Assistant Attorney General of SD, 2000-2001; | ) ) ) |
| JOHN R. STEELE, Prosecutor, Aurora County SD; | ) ) |
| MATCHAN, Prosecutor, Minnehaha County SD; and | ) ) |
| VINCE FOLEY, Prosecutor, Codington County, SD; | ) ) |
| | ) |
| Defendants. | ) |

Plaintiff Willie Reed, IV, as Chairperson of Inmates Strikes Back, has filed this suit under 42 U.S.C. § 1983. Seventeen other inmates have joined as co-plaintiffs.

A number of § 2254 habeas corpus forms have been filed in this civil action under this case number. Plaintiffs have indicated these are "combined/joined habeas corpus 28 U.S.C. 2254 with 42 U.S.C. § 1983 Civ. No. 4142." A petition for writ of habeas corpus is an individual claim. There is no such thing as a combination 2254/1983 lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a § 1983 action is not available to a state prisoner challenging the fact or duration of his imprisonment; habeas corpus is the sole federal remedy). Accordingly, plaintiffs may either continue on with the § 1983 lawsuit or sever their claims to pursue a § 2254 petition. This court will not reclassify plaintiffs' claims as § 2254 petitions without their consent. *Morales v. United States*, 204 F.3d 764 (8th Cir. 2002). Before reclassifying a pro se movant's petition, a district court must advise him of the consequences of doing so. *Id.* at 767. Thus, plaintiffs are advised that:

  (1)  Petitions for writ of habeas corpus pursuant to 18 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); and

  (2)  Under § 2254, plaintiffs may not file a second or successive motion for writ of habeas corpus in federal court without first

obtaining permission from the Eighth Circuit Court of Appeals to file a successive motion. 28 U.S.C. § 2244(b)(3)(A).

Plaintiffs who have filed § 2254 petitions under this case number will have until November 30, 2010, to notify the court if they wish to proceed with individual petitions for writ of habeas corpus.

Before this case is screened pursuant to 28 U.S.C. § 1915(e)(2), plaintiffs are given this warning and opportunity to drop out of the lawsuit. There is a risk of being held accountable for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, and there is the risk of having the case count as a strike under 28 U.S.C. § 1915 for co-plaintiffs' claims. Therefore, the following WARNING NOTICE is given:

1. You will be legally responsible for knowing precisely what is being filed in the case on your behalf and the representations made in those filings. Federal Rule of Civil Procedure 11(c) provides sanctions can be imposed for violating Rule 11(c).

2. You will incur a strike if the action is dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g) provides that a prisoner who has had three cases dismissed (three strikes) for the reasons mentioned in the previous sentence cannot bring a civil action or appeal unless the prisoner is in imminent danger of serious physical injury.

3. No matter whether this case is dismissed or allowed to proceed after screening, you will be required to pay a portion of the filing fee, either in installments or in full, depending on whether you qualify for indigent status. If you do not qualify for indigent status, your claims may be severed from the case and you will then be required to pay the entire $350 filing fee before your case will proceed.

It is therefore

ORDERED that you advise the court whether you want to continue as a plaintiff in this case by **November 30, 2010.** If you do wish to continue as a plaintiff, then you must file the in forma pauperis documents that previously have been provided, or which can be provided upon request. If you opt not to continue as a plaintiff in this case, or if you do not respond to this order, then you will be dismissed as a plaintiff in this case. If you opt to continue as a plaintiff in this case but fail to file the in forma pauperis application and supporting documents by November 30, 2010, then you will be dismissed as a plaintiff from this action.

FURTHER ORDERED that this case will be screened pursuant to 28 U.S.C. §1915(e)(2) after November 30, 2010.

FURTHER ORDERED that on or before November 30, 2010, plaintiffs are to notify the court if they wish to proceed with individual petitions under 28 U.S.C. § 2254. If they wish to proceed, a separate case number will be assigned to those individual petitions. If plaintiffs do not notify the court that they wish to proceed under § 2254, all § 2254 forms and motions relating to § 2254 petitions docketed in Civ. 10-4142 will be denied.

Dated October 28, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE