UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| I.S.B., also known as Inmates Strikes Back;<br>WILLIE REED, IV, Chairperson of I.S.B.;<br>THANH QUANG NGO, Chairperson of the First District Inmates Constitutional Rights Committee;<br>ERIC WHITE, Chairperson of the Second District Inmates Constitutional Rights Committee;<br>GARY FEDDERSON, Chairperson of the Third District Inmates Constitutional Rights Committee;<br>ELIAS JOHNSON, chairperson of the Fifth District Inmates Constitutional Rights committee; TIMOTHY MADDOX, Representative member for inmates convicted in the First Circuit Court;<br>STANLEY REED, Representative member For Inmates convicted in the Sixth circuit court; STEWART MOUSSEAUX, Representative member for inmates convicted in the Seventh Circuit Court;<br>REPRESENTED CLASS OF INMATES INCARCERATED; DANIEL LEE ELLENDORF, Chairperson of The contingent Constitutional Rights Committee;<br>CHRISTOPHER JOHN WALDNER, Representative member of The Contingent Constitutional Rights Committee; | Civ. 10-4142-KES<br><br>ORDER DENYING MOTIONS FOR EXTENSION OF TIME AND GRANTING MOTIONS TO VACATE INITIAL ASSESSMENT REGARDING GARCIA AND INGALLS AND VACATING ORDER PRECLUDING REED FROM FILING DOCUMENTS OR MOTIONS |

| | |
|---|---|
| NICHOLAS RYAN HEMSHER, Representative member of The Contingent Constitutional Rights Committee; NICHOLAS QUENTIN ANDERSON, Representative member of The Contingent Constitutional Rights Committee; RAMON VALERIO GARCIA, Representative member of The Contingent Constitutional Rights Committee; DONALD INGALLS, member of Contingent Constitutional Rights Committee of I.S.B., et. al.; and RALPH BUCHHOLD, member of the Fourth District Inmates Constitutional Rights Committee of I.S.B., et. al, ZACHARY T. ARVIN; JAMES R. JAMES; CLAY STUBBS; JAKE LEVI BRINGS THREE WHITE HORSES a/k/a Levi Brings Three White Horses,<br><br>            Plaintiffs,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA COMMISSIONER OF ADMINISTRATION, person or persons; SOUTH DAKOTA DEPARTMENT OF REVENUE & REGULATIONS, Div. of Insurance, person or persons; SOUTH DAKOTA BUREAU OF PERSONNEL, person or persons; SOUTH DAKOTA DEPARTMENT OF HEALTH AND HUMAN SERVICES, person or persons; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| TIM REISCH, South Dakota Department of Corrections Cabinet Secretary; | ) ) ) |
| DOUGLAS WEBER, South Dakota Department of Corrections, Warden, Director of prison operations; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, State Penitentiary person or persons; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Jameson Annex, person or persons; | ) ) ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Mike Durfee State Prison, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Rapid City Minimum Unit, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Women's Prison, person or persons; | ) ) ) |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, Yankton Minimum Unit, person or persons; | ) ) ) |
| STATE SOUTH DAKOTA PAROL BOARD OF PARDON, Person or persons; | ) ) ) |
| STATE SOUTH DAKOTA FIRST CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SECOND CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA THIRD CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA FOURTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUH DAKOTA FIFTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SIXTH CIRCUIT COURT, person or persons; | ) ) |
| STATE SOUTH DAKOTA SEVENTH CIRCUIT COURT, person or persons; | ) ) |
| LAWRENCE COUNTY PUBLIC DEFENDER OFFICE, person or persons; | ) ) |

| | |
|---|---|
| MINNEHAHA COUNTY PUBLIC DEFENDER OFFICER, person or persons; | ) ) ) |
| PENNINGTON COUNTY PUBLIC DEFENDER OFFICE, person or persons; | ) ) ) |
| MARTY J. JACKLEY, Attorney General, State of South Dakota; | ) ) |
| ANN C. MEYER, Assistant Attorney General, State of South Dakota; | ) ) |
| GINA S. NELSON, Deputy State's Attorney, Pennington County SD; | ) ) |
| JAMES IOSTY, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| PATRICK T. PARDY, Deputy State's Attorney, Miner County SD; | ) ) |
| LORA ROETZEL, Deputy State's Attorney, Pennington County SD; | ) ) |
| COLLEEN MORAN, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| ERIC K. JOHNKE, Deputy State's Attorney, Yankton County SD; | ) ) |
| AARON MCGOWAN, Deputy State's Attorney, Minnehaha County SD; | ) ) |
| KERRY M. CAMERON, State's Attorney, Roberts County SD; | ) ) |
| JOHN FITZGERALD, State's Attorney, Lawrence County SD; | ) ) |
| GLENN BRENNER, State's Attorney, Pennington County, SD; | ) ) |
| Deputy States Attorney-County Attorney- States Attorney- Assistant Attorney General- Deputy Attorney General-Attorney General-District Attorney-Prosecuting Attorney- Public Defender of the Represented Class of Inmates incarcerated to Which such matters of the cause affects and/or affected in this class action lawsuit, in the State of South Dakota; | ) ) ) ) ) ) ) ) ) ) ) |
| All the circuit court Judges, of the First, Second, Third, Fourth, Fifth, | ) ) |

| | |
|---|---|
| Sixth, and Seventh circuit court in the state of South Dakota to which such matters of this class action law suit involved; | ) ) ) ) |
| SOUTH DAKOTA STATE DIETICIAN, person or persons; | ) ) |
| C.B.M.,contracted with the Department of Correction of South Dakota; | ) ) ) |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison; | ) ) |
| CAPT. DOYLE, Correctional Officer, Mike Durfee State Prison; | ) ) |
| LT. KAUFENBERG, Special Security, Mike Durfee State Prison; | ) ) |
| LAWRENCE COUNTY COMMISSIONER, person or persons; | ) ) ) |
| PENNINGTON COUNTY COMMISSIONER, person or persons; | ) ) ) |
| HUGHES COUNTY COMMISSIONER, person or persons; | ) ) ) |
| ROBERTS COUNTY COMMISSIONER, person or persons; | ) ) ) |
| MINER COUNTY COMMISSIONER, person or persons; | ) ) |
| MEADE COUNTY COMMISSIONER, person or persons; | ) ) |
| MINNEHAHA COUNTY COMMISSIONER, person or persons; | ) ) ) |
| YANKTON COUNTY COMMISSIONER, person or persons; | ) ) ) |
| BON HOMME COUNTY COMMISSIONER, person or persons; | ) ) ) |
| ED LIGTENBERG, Director of South Dakota Parole Board of Pardon; | ) ) |
| DEBRA C. FLUTE, Member of South | ) |

| | |
|---|---|
| Dakota Parole Board of Pardon; | ) |
| JAMES P. SMITH, Member of South | ) |
| Dakota Parole Board of Pardon; | ) |
| PATRICIA MEYERS, Member of | ) |
| South Dakota Parole Board of | ) |
| Pardon; | ) |
| KEITH BONENBERGER, Member of | ) |
| South Dakota Parole Board of | ) |
| Pardon; | ) |
| JESSE SONDREAL, Member of | ) |
| South Dakota Parole Board of | ) |
| Pardon; | ) |
| KAY F. NIKOLAS, Member of South | ) |
| Dakota Parole Board of Pardon; | ) |
| DAVE NELSON, Member of South | ) |
| Dakota Parole Board of Pardon; | ) |
| MIKE ROUNDS, Governor of the | ) |
| State of South Dakota; | ) |
| JOHN E. HAAK, Prosecutor, SD | ) |
| Assistant Attorney General of SD, | ) |
| 2000-2001; | ) |
| JOHN R. STEELE, Prosecutor, | ) |
| Aurora County SD; | ) |
| MATCHAN, Prosecutor, Minnehaha | ) |
| County SD; and | ) |
| VINCE FOLEY, Prosecutor, | ) |
| Codington County, SD; | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs move for an extension of time in order to allow them to review the Prisoner Litigation Reform Act of 1996 (PLRA). Docket 272. They also indicate that the information provided to the court in two of the plaintiffs' prisoner trust account reports was incorrect. Ramon V. Garcia and Donald Ingalls have indicated that frozen funds were incorrectly included in the numbers provided to the court. Plaintiffs also argue that "many members of I.S.B. and plaintiffs are mischaracterizing [sic], being

6

misinformed, and being misleaded [sic] by only allowing the filings of the district court to reach all plaintiffs and not the filings of I.S.B." *Id.* Plaintiffs further note that "I.S.B. members and plaintiffs are not allowed to communicate with each other by mail from facility to facility." Plaintiffs also assert that the filing fee was paid for Willie Reed and that the court should reverse its order enjoining Willie Reed from filing anything in this case.

## DISCUSSION

### I.  Motion for Extension of Time

Rule 6(b) of the Federal Rules of Civil Procedure governs motions for the extension of time. It provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B) on motion made after time has expired if the party failed to act because of excusable neglect.

A motion granted under either portion requires as a threshold matter a showing of "good cause." But plaintiffs cannot make this requisite showing.

Plaintiffs have been aware that the case would be "screened" pursuant to the PLRA since at least early November 2010. *See* Docket 147, Order of October 28, 2010 (giving warning notice and notifying plaintiffs that case would be screened after November 30, 2010). Moreover, due to the addition of new plaintiffs who did not receive the court's earlier warning notice, the

screening of this case has already been extended once. *See* Docket 238, Order Granting Motions to Withdraw & Warning Notice to New Plaintiffs, dated December 10, 2010. Thus, plaintiffs have had over two months to research the requirements of the PLRA and to voluntarily dismiss or amend their complaints. A review of this court's docket demonstrates that the various plaintiffs have been prolific in filing other motions. They have filed over 250 documents and motions in this case. And the complaint has not yet been served on any of the considerable number of state and county departments and officials named as defendants. Moreover, the court notes that several of the plaintiffs have previously been assessed "strikes" under the PLRA, and thus, they should be familiar with the statute. Accordingly, the contention that plaintiffs have had insufficient time to research the PLRA screening process is disingenuous. Plaintiffs' motion to extend time is denied.

## II. Incorrect Initial Partial Payments

Two plaintiffs, Ramon V. Garcia and Donald Ingalls, assert that frozen funds were incorrectly included in the prisoner trust account numbers provided to the court. The inmate banking system statements they provided to the court demonstrate the truth of their contentions. *See* Docket 272-1. Therefore, the initial partial payments they were respectively ordered to

make are too high.[1] Garcia and Ingalls have not provided updated prisoner trust account reports. Rather, they have submitted printouts showing the balance of their inmate accounts. Garcia and Ingalls have signed them, but no prison official has certified the accuracy of the account statements. When Garcia and Ingalls provide updated prisoner trust account reports, the court will reassess the partial filing fees for which they are responsible and vacate the initial fees ordered. Garcia and Ingalls will be provided with prisoner trust account forms as attachments to this order.

### III. I.S.B. Filings Not Provided to Springfield Members by Court

Plaintiffs' final contention is that they are being treated unfairly "by not allowing other members down in Springfield to receive filings made by I.S.B. to the District Court under Civil 10-4142." Docket 272. Plaintiffs complain that the inmates incarcerated at Mike Durfee State Prison in Springfield are confused and misinformed because they have only been receiving copies of this court's orders. This court has not interfered with plaintiffs' ability to communicate with other plaintiffs. Rather, plaintiffs assert that they are forbidden by prison policy from communicating with

---

[1] Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:
  (A)   the average monthly deposits to the prisoner's account; or
  (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

inmates confined in different facilities.[2] They ask this court to provide all plaintiffs with copies of every motion filed by plaintiffs in this case.

Plaintiffs who litigate jointly have a responsibility to keep each other apprised of what is filed on their behalf. It is **not** the responsibility of the court to provide each plaintiff with copies of motions that their co-plaintiffs have filed. "When [inmates] are housed separately and a filing is not jointly signed, Rule 5 [of the Federal Rules of Civil Procedure] requires that it be served on all other parties, including the other plaintiffs." *Wasko v. Allen Cnty. Jail*, No. 1:06-CV_ 085, 2006 WL 978956, at *1 (N.D. Ind. Apr. 12, 2006) (denying joinder of 41 prisoner plaintiffs). The plaintiffs were undoubtedly aware of the Department of Corrections' policy regarding communication between inmates incarcerated in different facilities before they initiated this lawsuit. Moreover, the court notified all of the plaintiffs that they were responsible for knowing the contents of what was being filed on their behalf and that they could be subject to sanctions for the content of these motions. *See* Docket 147, 238. Thus, plaintiffs' request is denied.

## IV. Willie Reed

Plaintiffs' final contention is that the order enjoining Willie Reed from filing any motions or documents in this case should be reversed because the

---

[2] Such policies have withstood constitutional challenge. *See Turner v. Safley*, 482 U.S. 78 (1987) (upholding prison regulation disallowing mail between inmates except that between immediate family members who are inmates at different institutions).

$350 filing fee has been paid. Because Reed has paid the $350 filing fee, the order enjoining Reed from filing any documents or motions in this case is vacated. Therefore, it is

ORDERED that plaintiffs' motion for an extension of time, for the provision of copies, and for the reversal of the order enjoining Reed from filing any documents (Docket 272) is denied.

IT IS FURTHER ORDERED that plaintiffs Ramon V. Garcia and Donald Ingalls shall submit updated prisoner trust account reports by **March 18, 2011.** The forms are provided herein. After Garcia and Ingalls submit the reports, the court will reassess the initial filing fee for which they are responsible and vacate the initial assessment.

IT IS FURTHER ORDERED that the court hereby vacates that portion of its prior order (Docket 239) that enjoined Reed from filing any documents or motions in this case.

Dated February 24, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

11